**BEALL & BURKHARDT**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Counsel for Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Dorothy and Robert Kressin,<br><br>　　　　　Debtors. | Bk. No. 9:09-bk-13551-RR<br>Chapter 7<br><br>**MOTION TO SELL PROPERTY OF THE ESTATE WITH POINTS AND AUTHORITIES**<br><br>Date:　February 9, 2010<br>Time:　10:00 a.m.<br>Place　1415 State Street<br>　　　　Courtroom 201<br>　　　　Santa Barbara, CA 93101 |

　　　Trustee Sandra McBeth hereby moves that this court authorize the sale of certain property of the bankruptcy estate.

　　　The property to be sold is the estate's interest in a promissory note receivable from Soil Life Systems, Inc. ("the note"). The estate owns an interest in the property through the debtors' revocable family trust, The Kressin Living Trust dated 4/30/1991 ("the Trust"). The sale is for a purchase price of $35,000.00, which has been advanced to the Trustee pending approval of this agreement.

1

## POINTS AND AUTHORITIES

### I.    FACTS

The debtors originally had an ownership interest in Soil Life Systems, Inc.  In early 2008, when divesting themselves (apparently for appropriate value) of that interest, part of the transaction was that the Trust transferred title to Soil Life Systems, Inc.'s business premises to Soil Life Systems, Inc. under a contract of sale.  This contract required title to be transferred after payment of a promissory note.  The note had an original balance of $260,000.00, and an unpaid balance as of the time of the filing of the case of approximately $166,116.69.  The property is subject to an underlying obligation in favor of Banner Bank with a balance due as of the filing of the case of $80,881.00.  Thus the total equity in the note was approximately $85,235.69. The debtors own 100% of the property through their family trust.  Repayment of the note is uncertain due to Soil Life Systems' financial uncertainty.  If Soil Life Systems were to lose its contract with Boise Cascade, the contractual provisions would, at least arguably, permit Soil Life Systems to have an interest in the property.

The trustee has received an offer to purchase the interest in the note from Soil Life Systems for $35,000.00. The offer is to take the note (and the property) subject to the lien of Banner Bank.  Because the Trustee has not revoked the Trust (and, due to

the cooperation of the debtors, may not need to do so), the Order should authorize the Family Trust and the Family Limited Partnership to execute such documents as are necessary to complete the transfer, since the debtors are not directly on title to the affected assets.

## II. ARGUMENT

Approval of this sale is in the best interest of the estate. The Trustee has an opportunity to receive a significant sum of money in exchange for an asset that will otherwise pay out slowly if at all.

The trustee further requests that the court approve the following overbid procedure. Any overbidder must provide a good faith deposit of $35,000.00, the same as has been provided by Soil Life Systems, Inc., the proposed buyer herein. The first overbid should be in an amount not less than $5,000.00 more than the accepted price and further overbids must be in an amount subject to the court's discretion. Overbids should be all cash.

## III. CONCLUSION

The sale of the estate's interest in the note is in the best interests of the estate. The trustee, as well as the debtors' entities, should be authorized to execute documents sufficient to complete the sale. This motion further requests that this court authorize the repayment of the $35,000.00 paid to the Trustee in

1 | the event the sale is not approved for any reason.

2 |                             Respectfully Submitted,

3 | Dated: January 12, 2010

4 | BEALL & BURKHARDT

6 | By: /s/ William C. Beall
7 |     William C. Beall, Counsel for
8 |     Sandra McBeth, Chapter 7 Trustee

4

### DECLARATION OF SANDRA MCBETH

I, Sandra McBeth, declare and state as follows:

1. I am the duly appointed and acting trustee in the case of Dorothy and Robert Kressin, debtors. Each of the matters set forth below is stated of my personal knowledge, or through a review of documents given to me, and if called as a witness I could competently testify to each of them.

2. According to the testimony at the first meeting of creditors, and based upon documents produced to me, the debtors originally had an ownership interest in Soil Life Systems, Inc. In early 2008, when divesting themselves (apparently for appropriate value) of that interest, part of the transaction was that the Trust transferred title to Soil Life Systems, Inc.'s business premises to Soil Life Systems, Inc. under a contract of sale.

3. This contract required title to be transferred after payment of a promissory note. The note had an original balance of $260,000.00, and an unpaid balance as of the time of the filing of the case of approximately $166,116.69. The property is subject to an underlying obligation in favor of Banner Bank with a balance due as of the filing of the case of $80,881.00. Thus the total equity in the note was approximately $85,235.69. The debtor's own 100% of the property through their family trust. Repayment of the note is uncertain due to Soil Life Systems' financial uncertainty. If Soil Life Systems were to lose its contract with Boise Cascade,

5

the contractual provisions would, at least arguably, permit Soil Life Systems to have an interest in the property.

4. The trustee has received an offer to purchase the interest in the note from Soil Life Systems for $35,000.00. The offer is to take the note (and the property) subject to the lien of Banner Bank. Because the Trustee has not revoked the Trust (and, due to the cooperation of the debtors, may not need to do so), the Order should authorize the Family Trust and the Family Limited Partnership to execute such documents as are necessary to complete the transfer, since the debtors are not directly on title to the affected assets.

5. I believe that approval of this sale is in the best interests of the estate.

I declare the foregoing is true under penalty of perjury.

Dated: January 12, 2010

_____
Sandra McBeth, Trustee

6

| In re: | | CHAPTER 7 |
|---|---|---|
| Dorothy and Robert Kressin, | Debtor(s). | CASE NUMBER 9:09-bk-13351-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document described **MOTION TO SELL PROPERTY OF THE ESTATE WITH POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 01/15/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Office of the U.S. Trustee- ustpregion16.nd.ecf@usdoj.gov
Jeffrey J Hagen   hagenlaw@earthlink.net

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 01/15/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Dorothy Ann Kressin
7949 Winchester Circle
Goleta, CA 93117

Robert Radig Kressin
7949 Winchester Circle
Goleta, CA 93117

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 01/15/10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy:**
Honorable Robin Riblet
United States Bankruptcy Court
Central District of California
1415 State Street
Santa Barbara, CA 93101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 01/15/10 | Natalie A. Spilborghs | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**